UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**DEBORAH ELIZABETH BENSFIELD**                            **PLAINTIFF**

**v.**                                               **CIVIL ACTION NO. 4:21-CV-P92-JHM**

**DAVIESS COUNTY DETENTION CENTER** *et al.*             **DEFENDANTS**

**MEMORANDUM OPINION**

This is a *pro se* civil-rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, this action will be dismissed.

**I.**

Plaintiff is incarcerated as a pretrial detainee at Daviess County Detention Center (DCDC). (DCDC). She names the following as Defendants in the caption of the complaint form: DCDC; Owensboro Police Department (OPD); Daviess County Sheriff's Dept. Post 16; Bryan Paul Wolf; "The Mattingly Men"; and Matthew Moss. In the "Defendants" section of the complaint form, she lists eight additional individuals whom she identifies as guards at DCDC.

Over one-half of Plaintiff's allegations refer to events that allegedly occurred between 2016 and October 13, 2019. Because any constitutional claims based upon those allegations are barred by the statute of limitations, as explained below, the Court will only recite the allegations which concern events beginning on August 25, 2021:

> Guard Harm during my 8/25/21 incarceration refused me medical attention on numerous occasions stating I had to give her a reason which I believed is against my Hippa Rights and when one was given I was told that it was not good enough. Guard [illegible] enjoys to tell inmates to get their "sweet asses" off of [illegible] and digs through my personal property disposing of what she deems trash and not allowing me a say. Guard Whit almost didn't release my property to me on 8/30/21 and when it did it was already opened and gone through. Deputy Hicks is the one

that ended up handing it to me. 8/30/21 is also the first time I saw Guard [illegible] since 3/9/2020.  The second time was 9/3/21 when her and Guard Pate showed up intoxicated in my opinion to dress me out.  They didn't recognize personnel in the law enforcement room nor question their intentions to, for, or in the facility. . . .  I would also question Guard Brumley's timing for putting A281 on isolation during my 9/3/21- ? incarceration.  She seems to enjoy disconnecting the inmates.  This next portion is about Guard Moore and one (unknown) Daviess County Sheriff's Deputy.  I believe Guards Moore, White, and possible others are reading and responding to grievances that are directed to specific individuals including the jailer himself.  9/7/21 I put Attn Art Maglinger . . . as the subject and received a response that whomever read it would not be forwarding it to the jailer.  I was also made fun of by Guard Moore and possibly others for "claiming" to be hit a by a "car" on 8/30/21 when shortly after leaving the facility the vehicle was traveling westbound on 144 East in the left almost turn lane before they stopped and accelerated to hit me perceiving my Left shoulder tattoo to be the same or belonging to Bekka Mala.  I took the hit, collected physical evidence my personal property and then demanded a ride home. The driver alleged he had no methamphetamine when I told him it would fix my seemingly shattered left arm.  The methamphetamine did and has worked to heal me although I still need two out of three stitches out.  The sheriff's deputy (one of the two) the younger one told me it was my fault after swinging by OPD . . . after getting released from the hospital early maybe 2 am on 8/31/21 he said I should have walked on the sidewalk which there is not even one on either side of the road or in the grass.  Anything other than concern and awe that I am still alive trying to maintain my faith.  When I called 911 on 8/30/21 because methamphetamine was unavailable to me due to my pregnancy requested EMS and detectives.  The detectives were to fingerprint apartment.  I get robbed every time I go to jail.  On 8/30/21, I discovered my owned iphone 7 [] was stole probably by my neighbor in 17's company.  When my [] battery was dead and I need medical help in an apartment with no electricity I went to reach for my backup and when that was gone I was grateful to have my charger back and cord but done life, limb, and eyesight and I still encounter officers like Mattingly who can assault me on 9/3/21, Guard Hacker that can pepper spray me for talking 8/2021 in A281 and that Officer that patted me down 9/3/21 and stole a pack of batteries having his buddy claim public intoxication to discredit me except one pack the one he stole had three copper tipped batteries . . . .  A slight difference yet one a drunk or dillusional mind would not notice or think would make a difference.  I did give Jailer Maglinger permission to pull my hospital records from 8/30/21 and suggested he review the outside footage the jail has from 9/23/21 and possibly 8/30/21.  All if not most of my claims can be substantiated by audio or video owned and manned by the Department of Corrections.  The one I am uncertain about is fmr. Guard Roberson poisoning fmr. inmate Lisa Cole.  Hopefully, after my testimony is accredited my voice and willingness to testify under oath will be enough.  I had requested that my [] military service record be sent to the Owensboro Police Department [] for safe keeping and handling until myself and what is mine is safe and secure.

As relief for the alleged violation of her rights, Plaintiff seeks damages, the incarceration of a guard, "reinstating driving privileges, returning my car, full monetary compensation, [and] access to discuss what the community needs from multiple perspectives."

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th

Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court first addresses Plaintiff's allegations that refer to events that ostensibly occurred between 2016 and October 13, 2019. The statute of limitations for § 1983 actions is governed by the limitations period for personal-injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001). When the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon initial screening. *Jones v. Bock*, 549 U.S. at 215. Upon review, the Court concludes that any claims based upon events that allegedly occurred between 2016 and October 13, 2019, are barred by the statute of limitations since it is clear that Plaintiff knew of the alleged injuries more than one year before the instant action was initiated on September 8, 2021. The Court will dismiss these time-barred claims as frivolous.

As to Plaintiff's claims which are not time-barred and are based upon the allegations set forth above, upon review, the Court finds that they fail to meet the notice-pleading standard set forth in *Twombly* and *Iqbal*.  While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted).  Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 868 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).

Plaintiff's allegations are simply too incoherent for the Court to conclude that she has stated a plausible constitutional claim.  Indeed, even though at times she makes allegations which suggest she may be attempting to make constitutional claims related to the deprivation of personal property, concerns with the grievance process at DCDC, or the use of excessive force, these allegations lack sufficient lucidity and factual content to allow the Court to conclude that a constitutional violation may have occurred.

### IV.

For these reasons, the Court will dismiss this action by separate Order as frivolous and for failure to state a clam upon which relief may be granted.

Date: March 13, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Defendants
Daviess County Attorney
4414.011

5